# THE LAW OFFICE OF CHRISTIAN N. MARTINEZ, PLLC

PO Box 3,
Chester, New York 10918

TELEPHONE (845) 544-9189
Email: Christian@cmartinez-law.com


September 23, 2026

**VIA ECF**

Hon. Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **Blanchard et al. v. Gannett Co., Inc. et al., No. 1:26-cv-03722-CM**
**Letter-Motion for Extension of Time to Serve Under Fed. R. Civ. P. 4(m)**

Dear Judge McMahon:

This firm represents Plaintiffs Cynthia Diane Blanchard and 20C Design Art Gallery, LLC. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Your Honor's Individual Practices governing requests for extensions of time, Plaintiffs respectfully move for an order extending their time to serve the summons and First Amended Complaint on the domestic Defendants through and including October 9, 2026, nunc pro tunc from August 3, 2026. Plaintiffs also write in response to the September 14, 2026 letter from counsel to Defendants Barbara Gordon and the Frank Lloyd Wright Building Conservancy (ECF No. 7), which the Court endorsed by adjourning the initial pretrial conference to October 22, 2026 (ECF No. 8).

**The information required by the Individual Practices**

The Complaint was filed on May 4, 2026 (ECF No. 1). The 90-day period under Rule 4(m) therefore expired on Monday, August 3, 2026, the 90th day having fallen on a Sunday. The First Amended Complaint, filed on August 13, 2026 as of right under Rule 15(a)(1)(A) (ECF No. 5), did not enlarge that period as to any Defendant named in the original pleading, and Plaintiffs do not contend otherwise.

This is Plaintiffs' first request for an extension of any deadline in this action.

Before filing this letter, Plaintiffs' counsel wrote to Willkie Farr & Gallagher LLP, which has identified itself as pro bono counsel to Ms. Gordon and the Conservancy (ECF No. 7), asking whether those Defendants consent to the requested extension and whether Willkie is authorized to accept service on their behalf. Willkie had not responded when this letter was filed. Plaintiffs will advise the Court promptly of any position Willkie communicates. No other Defendant has appeared, and Plaintiffs are not aware of counsel for any other Defendant.

The requested relief has no effect on any other scheduled date. The requested date is calculated so that every domestic Defendant will have been served before the October 22, 2026 conference. Plaintiffs do not ask that the conference be moved.

**What occurred.**

After the Complaint was filed, counsel reviewed the pleading's party, jurisdictional, and venue allegations and concluded that it should be amended before any Defendant was put to the burden of responding to it. The First Amended Complaint removed two individual reporters as named defendants and pleaded the publisher Defendants' responsibility for their conduct on a respondeat superior basis, corrected the jurisdictional and venue allegations, conformed the claims to the amended caption, and added the governing-law and fault-standard allegations that a defamation action against media defendants requires. Counsel undertook the amendment in good faith so that no Defendant would be put to the expense of responding to a pleading that was about to be superseded.

Counsel nevertheless should have requested issuance of summonses when the amended pleading was filed on August 13, and should have sought an extension from the Court before the Rule 4(m) period expired. Counsel accepts responsibility for that error. Plaintiffs did not direct or contribute to it and have at all times intended to prosecute this action.

Plaintiffs have acted since the Court's September 14 endorsement. On September 23, 2026 Plaintiffs filed a request for issuance of a summons directed to each named Defendant, with a rider listing the Defendants and their addresses (ECF No. 9). Plaintiffs have engaged process servers for the domestic Defendants, who will proceed as soon as the Clerk issues the summons, and have written to Willkie regarding acceptance of service for Ms. Gordon and the Conservancy. Plaintiffs are preparing the request for service on Artnet AG through the German Central Authority under the Hague Service Convention. Plaintiffs will file proof of service as to each Defendant promptly upon completion.

**The governing standard and why relief is warranted.**

Rule 4(m) requires an extension where good cause is shown and permits one in the Court's discretion where it is not. *Henderson v. United States*, 517 U.S. 654, 662-63 (1996); *Zapata v. City of New York*, 502 F.3d 192, 196-97 (2d Cir. 2007). In exercising that discretion, courts in this Circuit consider whether the applicable statute of limitations would bar a refiled action, whether the defendant had actual notice of the claims, whether the defendant attempted to conceal the defect in service, and whether the defendant would be prejudiced by the extension. *Mares v. United States*, 627 F. App'x 21, 23 (2d Cir. 2015); *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). Plaintiffs do not contend that good cause exists, and they do not rely on the concealment factor. They ask the Court to exercise its discretion, and the remaining factors weigh heavily in favor of doing so.

The defamation-based claims face a substantial limitations risk. The three bodies of law identified in the First Amended Complaint as potentially governing those claims, those of New York, Oklahoma, and Texas, each prescribe a one-year limitations period for libel and slander. N.Y. C.P.L.R. 215(3); Okla. Stat. tit. 12, § 95(A)(4); Tex. Civ. Prac. & Rem. Code § 16.002(a). The earliest challenged publications pleaded as timely appeared in late April and May 2025, and the Complaint was filed within one year of them. A refiled action would face a limitations defense that the original filing did not, and New York's savings statute would not help, because C.P.L.R. 205(a) excludes a dismissal for failure to obtain personal jurisdiction over the defendant. A dismissal under Rule 4(m) would therefore risk ending the defamation-based claims on a service default rather than on their merits. The Advisory Committee identified this circumstance as one in which relief is justified even in the absence of good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment.

Several Defendants had notice of the underlying claims before this action was filed, and the Defendants who have appeared have notice of the action itself. As the First Amended

Complaint alleges, Gannett and Condé Nast received written retraction demands identifying the challenged statements and corresponded with Ms. Blanchard about them, and Lee Enterprises received pre-publication communications from Ms. Blanchard identifying her defamation concerns with the Tulsa World's reporting on the same subject. Ms. Gordon and the Conservancy have retained counsel, who filed ECF No. 7 three days before the scheduled conference. Plaintiffs do not suggest that notice substitutes for service. They cite it because it confirms that a short extension will not unfairly surprise any Defendant.

The short extension will not materially prejudice any Defendant. No Defendant has been required to answer or otherwise litigate the merits, no merits deadline has run against any Defendant, and Plaintiffs are unaware of any concrete prejudice attributable to the extension. ECF No. 7 identifies none. Every defense a Defendant may wish to raise, including the personal-jurisdiction and service defenses that Willkie's letter expressly preserves, remains fully available. Nothing in this application seeks to limit them.

Plaintiffs acknowledge that Zapata permits a district court to deny an extension where the plaintiff made no effort to serve, sought no extension within a reasonable time, and offered no cognizable excuse, even where limitations would bar refiling. 502 F.3d at 198-99. Plaintiffs respectfully submit that the considerations that drove that result are not present here in the same form. Plaintiffs have moved within nine days of the Court's endorsement, before any order to show cause, with the summons requested, process servers engaged, and a short and specific deadline proposed. The delay was the product of a deliberate, if mistaken, judgment about sequencing the amended pleading and service, not of inattention to the case, which counsel was actively amending during the period at issue. Plaintiffs ask the Court to weigh the consequence of dismissal, which would likely end the defamation-based claims on a ground unrelated to their merit, against a delay of seven weeks for which no Defendant has identified any prejudice.

The 90-day period of Rule 4(m) does not apply to service on a foreign corporation under Rules 4(h)(2) and 4(f). Plaintiffs are preparing the request for service on Artnet AG, a German stock corporation, through the German Central Authority under the Hague Service Convention, and will file proof of service promptly upon completion. Plaintiffs will report on the status of that process at the October 22 conference, or earlier if the Court directs.

**Relief requested**

Plaintiffs respectfully request that the Court (1) extend Plaintiffs' time to serve the summons and First Amended Complaint on all Defendants other than Artnet AG through and including October 9, 2026, nunc pro tunc from August 3, 2026, and (2) direct that service on any such Defendant completed on or before that date be deemed timely under Rule 4(m). Plaintiffs will serve a copy of this letter and of the Court's order on each Defendant together with the summons and First Amended Complaint.

Plaintiffs thank the Court for its consideration.

Respectfully submitted,

*Christian Martinez*
Christian N. Martinez, Esq.

cc: Justin Garbacz, Esq., Willkie Farr & Gallagher LLP (via ECF and email)