# THE LAW OFFICE OF CHRISTIAN N. MARTINEZ, PLLC

PO Box 3,
Chester, New York 10918

TELEPHONE (845) 544-9189
Email: Christian@cmartinez-law.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/17/2026

November 13, 2026

11/17/2026
Sorry we did not see this until today.
Final extension granted
CM

**VIA ECF**

Hon. Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street, Room 2550
New York, New York 10007

**Re:**

**Blanchard et al. v. Gannett Co., Inc. et al.**
**No. 1:26-cv-03722-CM**
**Status of Service and Letter-Motion for a Final Extension of Time to Serve Under Rule 4(m)**

Dear Judge McMahon:

I represent Plaintiffs and write, as the Court directed in its October 21 order (ECF No. 19), to report the status of service and to request a final extension of the Rule 4(m) period, through December 14, 2026, for the six domestic Defendants who have not yet been served. The Court's current deadline is today (ECF No. 21).

Five of the twelve named Defendants have waived service under Rule 4(d). Barbara Gordon and the Frank Lloyd Wright Building Conservancy waived through Willkie Farr & Gallagher LLP, effective October 8, 2026. Lee Enterprises, Incorporated waived through Bryan Cave Leighton Paisner LLP on November 10. Advance Magazine Publishers Inc. d/b/a Condé Nast waived through Davis Wright Tremaine LLP on November 11. Gannett Co., Inc. waived through Foley Hoag LLP this morning. Plaintiffs are filing the executed Lee, Condé Nast, and Gannett waivers today, and will file the Gordon and Conservancy forms when Willkie returns them on Monday. Every publisher Defendant that has retained counsel has now accepted service.

Counsel for those five Defendants have agreed, subject to the Court's approval, that each will answer, move, or otherwise respond to the First Amended Complaint (ECF No. 5) by January 15, 2027, so that all appearing Defendants respond on one date. Plaintiffs will submit a stipulation and proposed order to that effect, signed by all counsel, early next week. Counsel for Gannett has also advised that Gannett Co., Inc. has changed its name to USA Today Co., Inc., and the parties expect to submit a stipulation substituting the current name.

Six domestic Defendants remain. Plaintiffs' process server is effecting service on Artnet Worldwide Corporation through the New York Secretary of State under Business Corporation Law § 306 and on Recurrent Ventures Inc. through its registered agent, and is locating Min Chen, Marah Eakin, and Sonja Anderson for personal service. Service on Smithsonian Enterprises is being made

on the entity under Rule 4(h) and on the United States Attorney for this District and the Attorney General under Rule 4(i)(2). I asked Recurrent's general counsel on October 29 and again on November 10 whether Recurrent would accept service for itself and Ms. Eakin, and wrote to the Smithsonian's Office of General Counsel on November 10 with the same request. Neither has responded. Proof of service will be filed as each Defendant is served.

Artnet AG, a German company, must be served under Rule 4(f), to which the Rule 4(m) period does not apply. Because Germany objects to postal service under Article 10 of the Hague Service Convention and service through the German Central Authority ordinarily takes several months, Plaintiffs intend to move under Rule 4(f)(3) by December 14, 2026 for leave to serve Artnet AG through its United States affiliate, Artnet Worldwide Corporation, at their shared New York office, and through counsel once Artnet Worldwide appears.

The Court has discretion to extend the time to serve even without good cause. *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007). The reasons Plaintiffs gave in their prior requests still apply. Plaintiffs' defamation claims are subject to a one-year limitations period, so a dismissal without prejudice would likely bar their re-filing. No Defendant is prejudiced. The five Defendants who have appeared have a fixed response date that this request does not affect, and the remaining Defendants are being served now rather than at some indefinite future date. Service is in progress, not in prospect. Plaintiffs ask for thirty days and do not expect to return for more.

As the Individual Practices require, I report the following. The original deadline was August 3, 2026. The Court extended it to October 9 (ECF No. 11), to October 30 (ECF No. 17), and to November 13 (ECF No. 21). This is Plaintiffs' fourth request, and the prior three were granted. I asked counsel for the five Defendants who have appeared for their position on this request before filing and will report any response to the Court; none of those Defendants is affected by the extension. I recognize that this letter is filed on the deadline rather than two days before it. I waited to report the executed waivers from counsel for Lee, Condé Nast, and Gannett. Wednesday was a federal holiday, and the nationwide Microsoft Outlook outage on Thursday disabled my office's email for much of the day and delayed transmission of the Gannett waiver, which arrived this morning. The extension does not require a change to any other date. The initial pretrial conference has been adjourned sine die (ECF No. 19), and Plaintiffs will notify the Court when service is complete, as directed.

I thank the Court for its consideration.

Respectfully submitted,

/*Christian N. Martinez*
Christian N. Martinez, Esq.
Counsel for Plaintiffs

cc: All counsel of record (via ECF)
Katherine M. Bolger, Esq., Davis Wright Tremaine LLP (via email)
Roger Myers, Esq., Bryan Cave Leighton Paisner LLP (via email)
Michael J. Grygiel, Esq., Foley Hoag LLP (via email)